CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

SARA E. HENDERSON (CABN 329977)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7181
    FAX: (415) 436-7234
    Sara.Henderson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 26-CR-00044-JSC |
| Plaintiff, | MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION |
| v. | Hearing Date: February 12, 2026 |
| LOVELL MATTHEW TEMPLE, | Hearing Time: 11:00 AM |
| Defendant. | Courtroom:     B, 15th Floor |

## INTRODUCTION

The defendant, Lovell Matthew Temple, did not simply illegally possess a firearm and ammunition. He took the firearm from the scene of a shooting that occurred 30 minutes before his arrest. In doing so, he helped his associate avoid being found with a gun when police arrived.

Moreover, the defendant has repeatedly possessed firearms despite being a prohibited person since 2007. In fact, of his nine prior felony convictions, the defendant has incurred three felony convictions for illegally possessing a firearm. He also failed to appear for several court appearances in numerous cases and violated probation in many of his state cases. For the reasons discussed below, the defendant should be detained pending trial because he is a danger to the community and poses a risk of nonappearance. There are no conditions of release that could adequately mitigate these risks, and thus,

pretrial detention is necessary and appropriate.

## BACKGROUND

### I.    The Charged Offense

On September 3, 2025, at approximately 7:42 pm, not far from the federal building, San Francisco Police Department ("SFPD") officers were dispatched to a shooting.  When they arrived, they encountered a shooting victim who had suffered gunshot wounds to his left leg, arms, and abdomen.  The victim did not provide details of the shooting and did not have any weapons in his possession.  That is because the defendant took the victim's firearm and fled the scene.

Surveillance video captured the shooting.  About one minute after the shooting, the defendant can be seen taking the firearm from the victim (who had fired the gun during the shooting) and walking away before police arrive.  After reviewing the video, SFPD broadcast a be-on-the-lookout for the defendant describing his appearance—an African American male wearing a black letterman jacket with multi-color sleeves over a tan hoodie, black pants, white shoes with red laces, and red soles.

Approximately 30 minutes after the shooting, SFPD officers found the defendant at the corner of Turk and Leavenworth Street and tried to approach him.  The defendant attempted to flee and reached toward his jacket pocket/waistband area.  Officers arrested the defendant and seized a Glock 29 semiautomatic pistol (Serial # BTDT063) from inside his jacket as well as narcotics.  The firearm was loaded with two rounds of ammunition.  A search of the Automated Firearms System showed that the firearm was stolen.  Finally, officers discovered that the defendant was on probation for a conviction for being a felon in possession of a firearm.

The defendant was initially charged by the San Francisco District Attorney's office for this offense, and the defendant was detained pending trial in that matter until the defendant was transferred to federal custody.  The state dismissed its charges and the probation revocation matter in light of the federal case.

### II.    Defendant's Criminal History

The defendant has a lengthy criminal history going back to 2007 including burglary, illegal firearms possession, and narcotics-related offenses.  Specifically, he has sustained three felony convictions for illegally possessing firearms in 2014, 2021, and 2024.  He has six additional felony

convictions and three misdemeanor convictions.  The record is detailed below.

| Date of Conviction | Date of Sentence | Court | Offense | Sentence |
|---|---|---|---|---|
| 5/21/2007 | 7/18/2007 | Alameda Superior (#155679) | Possession of a controlled substance (felony) | 44 days jail; 5 years probation |
| 5/22/2008 | 6/19/2008 | San Francisco Superior (#02354756) | First degree burglary (felony) | 2 years state prison; 129 days CTS[1] |
| 5/22/2008 | 6/19/2008 | San Francisco Superior (#02357340) | Possession/purchase for sale of controlled substance (felony) | 2 years state prison; 156 days CTS[2] |
| 3/7/2011 | 4/1/2011 | San Francisco Superior (#11003539) | Possession/purchase of cocaine base for sale (felony) | 1 year county jail – 86 days CTS (suspended); 3 years probation[3] |
| 6/30/2014 | 7/29/2014 | Alameda Superior (#H56153) | Felon in possession of a firearm (felony) | 120 days jail; 5 years probation[4] |
| 10/19/16 | 1/18/2017 | Marin Superior (#SC189004B) | Attempted unauthorized use of another's identification (misdemeanor) | 90 days jail (suspended); 3 years probation |
| 11/3/2015 | 1/12/2016 | San Francisco Superior (#14025028) | Grand theft (misdemeanor) | 2 days (suspended); 3 years probation[5] |
| 12/14/2016 | 1/6/2017; 11/1/2018 | San Francisco Superior (#16015507) | Second degree burglary (felony); Probation revoked | 43 days jail w/ 43 days CTS (suspended); 3 years probation[6]  Revocation: 16 months prison – 425 days CTS[7] |

---

[1] CTS is short for credit for time served.

[2] Sentence ran concurrent with Case No. #02354756. Upon release, the defendant accrued five parole violations from April 2010 through April 2013.

[3] The defendant accrued two probation violations.

[4] The defendant accrued three probation violations.

[5] The defendant accrued one probation violation.

[6] The defendant accrued two probation violations.

[7] Probation revoked on November 1, 2018, and discharged off parole on July 11, 2019.

| Date of Conviction | Date of Sentence | Court | Offense | Sentence |
|---|---|---|---|---|
| 2/16/2018 | 4/12/2018 | San Mateo Superior (#17NF013777A) | Grand theft (felony) | 32 months state prison – 313 days CTS.[8] |
| 4/23/2021 | 5/27/2021 | San Francisco Superior (#20013395) | Felon carrying loaded firearm (felony) | 47 days jail – 47 days CTS; 2 years probation. |
| 4/23/2021 | 5/27/2021 | San Francisco Superior (#21003612) | Second degree burglary (misdemeanor) | 47 days jail – 47 days CTS; 2 years probation. |
| 6/7/2024 | 3/12/2025 | San Francisco Superior (#23003182) | Felon in possession of a firearm (felony) | 56 days jail – 56 days CTS; 2 years probation |

Additionally, the defendant incurred multiple probation violations in several cases. In some instances, the court revoked probation. For example, in 2018, the court revoked and imposed 16 months in prison. *See* San Franscisco Superior Case No. 16015507. Finally, as mentioned above, the defendant was serving a term of probation when he committed the instant offense.

## LEGAL STANDARD

Under the Bail Reform Act of 1984, as amended, the Court must detain a defendant pretrial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary for the government to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated

---

[8] The defendant was released to San Francisco's post-release community supervision ("PRCS") on July 11, 2019. Accrued three PRCS violations and terminated on May 26, 2022.

in § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## ARGUMENT

All of the factors weigh in favor of detention as the defendant is both a danger to the community and poses a risk of nonappearance. The defendant has repeatedly illegally possessed firearms despite being a convicted felon for nearly two decades. Moreover, the defendant failed to appear several times resulting in bench warrants where in some instances he was missing for months at a time. He has also violated probation in nearly all of his cases. Given this history, there are no conditions that will reasonably assure the safety of the community or the defendant's appearance at future court dates.

**I.    The Nature and Circumstances of the Offense and the Defendant's History and Characteristics Demonstrate He Is a Danger to the Community.**

This offense alone shows that the defendant poses a significant danger to the community. He took a firearm from the scene of a shooting, and, instead of turning it in to police, he kept it and remained in the vicinity of the shooting until he was arrested 30 minutes later. He was willing to take a dangerous weapon—and evidence—from a crime scene despite knowing he has long been prohibited from possessing a firearm.

At the time he possessed the gun, the defendant was also on probation for a firearms conviction. He has a brazen disregard for the law and court orders. More importantly, he has no regard for the public's safety by repeatedly possessing firearms. In fact, the very firearm he possessed was used in a shooting just moments prior to his possession. While it is true he did not discharge the firearm, he nevertheless contributes to the proliferation of dangerous firearms in the community that pose a serious risk of substantial harm; sometimes fatal harm. It is telling that the San Francisco Superior Court

1   detained the defendant pending trial since September 2025.

2       The defendant's criminal history also shows that he is a danger to the community.  He has at

3   least three arrests related to domestic violence, and he was arrested for robbery in 2014.  In addition to

4   his three felony convictions for possessing a firearm, he has had four arrests for possessing a firearm.

5   These offenses show that he is danger to the people he knows and the community at large.  Moreover,

6   the defendant is committed to possessing a firearm even though he has long been prohibited from doing

7   so since 2007.  Accordingly, the defendant poses a serious risk of danger to the public, and the only way

8   to safeguard the community from the defendant is to detain him pretrial.

9   **II.    The Defendant Poses a Risk of Nonappearance**

10       The defendant has repeatedly flouted court orders, and thus, no conditions of release will

11  reasonably assure his appearance as required.  The defendant's criminal history is full of examples of his

12  willingness to shirk court orders and failing to appear as required.  For example, in his two most recent

13  state cases the court issued multiple bench warrants.  *See* San Francsico Superior Case Nos. 20013395,

14  23003182.  In some instances, the defendant was missing for months at a time.  For a majority of his

15  felony convictions, the court revoked the defendant's probation, and in some instances, he sustained new

16  convictions for those probation violations.  Indeed, the defendant committed the current offense while

17  on probation.  There is no reason to believe that the defendant's compliance will improve.  The weight

18  of the evidence and the potentially significant sentence he faces if convicted, increase the risk that he

19  will flout court-ordered conditions of release and fail to appear as required.

20                              **CONCLUSION**

21       For the reasons set forth above, there is no set of conditions that will reasonably assure the

22  appearance of the defendant at court proceedings and ensure the safety of the community.  The

23  defendant should be detained.

24  DATED: February 11, 2026                    Respectfully submitted,

25                                              CRAIG H. MISSAKIAN
                                                United States Attorney
26

27                                               */s/ Sara E. Henderson*
                                                SARA E. HENDERSON
28                                              Assistant United States Attorney